IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CLIFFORD COOPER,                    :
                                    :
            Plaintiff,              :
                                    :
      V.                            :
                                    :      NO. 5:21-cv-00272-TES-CHW
COMMISSIONER                        :
TIMOTHY WARD, *et al.*,             :
                                    :
            Defendants.             :
_____:

## ORDER AND RECOMMENDATION

Plaintiff Clifford Cooper, a prisoner in Baldwin State Prison in Hardwick, Georgia, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff has also moved for leave to proceed *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. As discussed below, Plaintiff's motion to proceed *in forma pauperis* is now **GRANTED**. Thus, Plaintiff's complaint is ripe for preliminary review. On preliminary review of Plaintiff's complaint, it is now **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for the reasons set forth below.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Any court of the United States may authorize the commencement of a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the plaintiff shows that he is indigent and financially unable to pay the court's filing fee. *See* 28 U.S.C. § 1915(a). A prisoner wishing to proceed under § 1915 must provide the district court

with both (1) an affidavit in support of his claim of indigence, and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint."   28 U.S.C. § 1915(b).

Pursuant to this provision, Plaintiff has moved for leave to proceed without prepayment of the $350.00 filing fee, and his submissions show that he is currently unable to prepay any portion of the filing fee.   Plaintiff's motion to proceed *in forma pauperis* is therefore **GRANTED**.   Plaintiff is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint is dismissed prior to service. For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee, as explained below.

I.     Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full.   The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the

2

amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00.   The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.   Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.   Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.   The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.   Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.   Standard of Review

Because the Court has granted Plaintiff leave to proceed *in forma pauperis*, his complaint is subject to a preliminary review.   *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings).   When performing this review, the court must accept all factual allegations in the complaint as true.   *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   *Pro*

3

*se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, the Court "liberally construe[s]" *pro se* claims.   *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."   *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).   The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."   *Id.* (internal quotation marks omitted).   A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action."   *Twombly*, 550 U.S. at 555 (first alteration in original).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.   *Id.* at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallaposa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   <u>Factual Allegations</u>

In his complaint, Plaintiff asserts that, on the morning of February 16, 2019, Plaintiff fell, injuring himself, because the kitchen staff at Baldwin State Prison had dumped grease from the kitchen all over the ground instead of properly disposing of the grease in containers.   Compl. 6, ECF No. 1.   Another inmate helped Plaintiff get up and back and back to his dorm, where Plaintiff asked the duty officer to call medical for him.   *Id.*   The duty officer did not do so, and Plaintiff sat in pain until around 4:00 p.m., when Officer Reyners came by Plaintiff's cell to get Plaintiff's help with ice detail.   *Id.* at 6-7.

Plaintiff showed Officer Reyners his ankle and asked to be taken to medical.   *Id.* at 7.   Officer Reyners promised to get Plaintiff help after Plaintiff was finished with ice detail.   *Id.*   Ice detail involved laborious work that caused Plaintiff severe pain, but when it was over he was taken to the medical department.   *Id.*   At that point, Plaintiff's ankle was swollen and discolored.   *Id.*   The nurse wrapped Plaintiff's ankle with an ace bandage and gave him some Motrin, then sent him back to his dorm.   *Id.*   Plaintiff told the nurse

5

that he was assigned a top bunk and would not be able to climb up to it, but she just said, "oh well."  *Id.*

Three days later, on February 19, 2019, Plaintiff's ankle was x-rayed found to be broken.  *Id.*  Plaintiff was moved to a medical cell and given aspirin for the pain.  *Id.* On February 22, 2019, Plaintiff was sent to Augusta State Medical Prison for surgery, but the doctors there could not perform the surgery because Plaintiff's ankle was too swollen. *Id.*  Plaintiff was sent to an outside hospital, but his ankle was still too swollen for surgery. *Id.*  Plaintiff finally underwent surgery nearly a month later, on March 17, 2019.  *Id.*

Following the surgery, Plaintiff was not given proper pain medication or physical therapy.  *Id.* at 8.  Plaintiff continues to have pain from the injury.  *Id.*  Plaintiff filed this complaint naming Georgia Department of Corrections Commissioner Timothy Ward, Baldwin State Prison Warden Trevonza Bobbitt, and John and Jane Doe defendants. Plaintiff's claims are discussed below.

    III.   <u>Plaintiff's Claims</u>

        A.   <u>Timothy Ward and Trevonza Bobbitt</u>

The only defendants that Plaintiff specifically names are Georgia Department of Corrections Commissioner Timothy Ward and Baldwin State Prison Warden Trevonza Bobbitt.  In his statement of the facts, however, Plaintiff does not include any specific allegations with regard to either of these defendants or their alleged involvement in his claims.  Thus, it appears that Plaintiff is attempting to state a claim against these individuals based on their supervisory positions.

A prisoner cannot state a § 1983 claim based on a theory of respondeat superior or vicarious liability.   *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004).   Instead, to state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation.   *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986).   This may be done by alleging facts showing that the official either "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would."   *Gross v. White*, 340 F. App'x 527, 531 (11th Cir. 2009) (per curiam) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).

As noted above, Plaintiff has not asserted any facts suggesting that either of these defendants was personally involved in the alleged violations.   Moreover, Plaintiff has not alleged any facts showing that the violations were the result of a custom or policy of these defendants or that there was any other causal connection between these defendants and the alleged constitutional violations.   Thus, Plaintiff has not stated a claim against either Timothy Ward or Trevonza Bobbitt, and it is **RECOMMENDED** that his claims against them be **DISMISSED WITHOUT PREJUDICE**.

        B.    <u>John and Jane Doe Defendants</u>

Plaintiff also included John and Jane Doe defendants in the caption of the complaint, but it is not clear from his allegations who he intended to include in this regard.   Fictitious

party pleading, *i.e.*, bringing claims against John Doe defendants, is generally only permitted in federal court when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his or her actual name is unknown. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).   Here, Plaintiff has not identified any John or Jane Doe defendants or provided any description of such defendants to allow a claim to proceed.   Thus, it is **RECOMMENDED** that any such claim be **DISMISSED WITHOUT PREJUDICE**.

C.   <u>Statute of Limitations</u>

With regard to any potential defendants, Plaintiff may have intended to include members of the kitchen staff who poured the grease out on the ground; prison staff, such as Officer Reyners, who failed to take him to get medical attention immediately after his injury; or the nurse who wrapped his ankle and sent him back to the dorm.   These potential claims appear to be barred by the statute of limitations.

Section 1983 has no statute of limitations of its own, and instead is governed in each case by the forum state's general personal injury statute of limitations.   *Owens v. Okure*, 488 U.S. 235, 236 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)).   Georgia's two-year personal injury statute of limitations governs 42 U.S.C. § 1983 civil rights claims. *Reynolds v. Murray*, 170 F. App'x 49, 50-51 (11th Cir. 2006) (per curiam) (citing Ga. Code. Ann. § 9-3-33 (1982)).

Plaintiff's injury occurred in February 2019, when he fell, and these potential claims all arose that same day.   Thus, he was required to bring an action based on those claims

by February 2021.   Plaintiff, however, did not file this complaint until July 2021, several months after the statute of limitations had expired.

Plaintiff also alleges that there was an additional failure to treat his injury after his surgery.   In this regard, however, Plaintiff has made only an extremely broad and generic allegation without providing any specific information as to how the treatment following his surgery was insufficient.   Moreover, he has not identified any specific individuals who were responsible for any failure to properly treat him.   Thus, Plaintiff's claims that arose on the day of the injury are time-barred, and he has failed to state a claim upon which relief may be granted with regard to any claims that may have arisen at a later date.   Thus, it is also **RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for these reasons as well.

IV.   Conclusion

Accordingly, for the reasons set forth herein, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in its entirety.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the United States District Judge to whom this case is assigned within **FOURTEEN (14) DAYS** of his being served with a copy of this Order.   Plaintiff may seek an extension of time in which to file written objections or amendments, provided a request for an extension is filed prior to the deadline for filing written objections.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on

appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 3rd day of September, 2021.


s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge